# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN HOWE,

                    Plaintiff,                                          ORDER

          v.

                                                                        17-cv-19-slc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.

_____

On July 19, 2017, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 15 & 16. On September 12, 2017, the court granted plaintiff's unopposed motion for fees under the Equal Access to Justice Act and awarded plaintiff attorneys' fees in the amount of $4,250. *See* dkt. 25. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $68,616 in past-due benefits. Plaintiff's lawyer, Dana Duncan, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $5,750, pursuant to his 25% contingency fee agreement with plaintiff.[1] Dkt. 26.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive

---

[1] This amount represents 25% of plaintiff's past-due benefits, less $7,154 that counsel is seeking from the ALJ for work performed at the administrative level, less the $4,250 EAJA fees already awarded by this court.

benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing reasonableness, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a windfall for the attorney. *Id*. at 806-08.

The fee requested by Attorney Duncan in this case is reasonable. Duncan is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $1,499 and past-due benefits of nearly $67,000, not to mention Medicare eligibility. An award of $10,000 (total, including the EAJA award) for 18.2 hours of work translates to an hourly rate of $550, which is not outside the range of awards granted in similar cases. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees with hourly rates ranging from $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Duncan would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits).

Finally, neither Howe nor the Commissioner opposes the motion. Accordingly, the court will grant Duncan's motion for attorney fees in the amount of $5,750.

ORDER

It is ORDERED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 26, is GRANTED. The court approves a representative fee award of $5,750 to be payable to plaintiff's attorney, Dana Duncan, out of plaintiff's past-due benefits.

Entered this 29th day of May, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge